IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CITY OF SAN ANTONIO,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 5:17-cv-01232-OLG |
| **TIME WARNER CABLE TEXAS,** § | |
| **LLC, d/b/a SPECTRUM AND** § | |
| **CHARTER COMMUNICATIONS,** § | |
| § | |
| Defendant. § | |

## TWC'S ANSWER & AFFIRMATIVE DEFENSES

Defendant Time Warner Cable Texas, LLC ("TWC"), submits the following answer and affirmative defenses to the City of San Antonio ("City's") Original Petition ("Petition") (Dkt. #1-1).

## TWC'S ANSWER TO THE CITY'S PETITION

1. Paragraph 1 of the Petition does not state allegations to which a response is required. To the extent a response is deemed required, the allegations are denied.

## PARTIES

2. TWC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Petition, and therefore denies such allegations.

3. With respect to the first sentence of Paragraph 3 of the Petition, TWC admits only that it is a Delaware corporation and that it conducts business in Texas and the City of San Antonio. Charter admits it may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company. The remaining allegations in the first sentence of Paragraph 3 of the Petition are denied. The second sentence of Paragraph 3 of the Petition does not state allegations to which a response is required. To the extent a response is deemed required, the allegations are denied.

## JURISDICTION AND VENUE

4. The allegations in the first three sentences of Paragraph 4 of the Petition are legal conclusions to which no responses are required. To the extent responses are deemed required, the allegations are denied. With respect to the third sentence of Paragraph 4 of the Petition, TWC admits the City seeks judgment for relief, but denies the City is entitled to any such relief.

5. The allegations in Paragraph 5 of the Petition assert legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

6. The allegations in Paragraph 6 of the Petition assert legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

## FACTUAL BACKGROUND

7. TWC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 of the Petition, and

therefore denies such allegations. The remaining allegations of Paragraph 7 of Paragraph 7 of the Petition are legal conclusions to which no response is required. To the extent a response is deemed required, those allegations are denied.

8.  With respect to the first and second sentences of Paragraph 8 of the Petition, TWC admits only that prior to 2005, TWC negotiated a cable franchise agreement with the City, and that TWC paid the City a franchise fee, in addition to other in-kind contributions, including the support for the City's public, educational and government access programming. TWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Petition, and therefore denies such allegations. To the extent an answer is deemed required, the remaining allegations in Paragraph 8 of the Petition are denied. Answering further, to the extent the allegations in Paragraph 8 derive from documentary evidence, such documents speak for themselves, and TWC denies any characterization of their contents. Answering further, the allegations in Paragraph 8 of the Petition assert legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

9.  TWC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Petition, and therefore denies those allegations. Answering further, the allegations in Paragraph 9 of the Petition assert legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

10. The allegations in Paragraph 10 of the Petition assert legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

11. The allegations in Paragraph 11 of the Petition assert legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

12. The allegations in Paragraph 12 of the Petition assert legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

13. TWC admits the allegations in the first sentence of Paragraph 13 of the Petition. The remaining allegations in Paragraph 13 of the Petition assert legal conclusions for which no response is required. To the extent a response is deemed required, those allegations are denied.

14. With respect to the allegations in Paragraph 14 of the Petition, TWC admits only that in 2009, the City initiated an audit of TWC. TWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Petition, and therefore denies such allegations. Answering further, to the extent the allegations in Paragraph 14 derive from documentary evidence, such documents speak for themselves, and TWC denies any characterization of their contents.

15. With respect to the allegations in the first sentence of Paragraph 15 of the Petition, TWC admits only that in 2009, the City initiated an audit of TWC. TWC

lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence Paragraph 15 of the Petition, and therefore denies such allegations. TWC denies the allegations in the second sentence of Paragraph 15.

16. To the extent the allegations in Paragraph 14 derive from documentary evidence, such documents speak for themselves, and TWC denies any characterization of their contents.

17. To the extent the allegations in the first sentence of Paragraph 17 derive from documentary evidence, such documents speak for themselves, and TWC denies any characterization of their contents. TWC denies the remaining allegations of Paragraph 17 of the Petition.

18. TWC denies the allegations of Paragraph 18 of the Petition .

19. TWC lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Petition, and therefore denies such allegations.

20. TWC denies the allegations of Paragraph 20 of the Petition.

21. TWC denies the allegations of Paragraph 21 of the Petition.

22. TWC denies the allegations of Paragraph 22 of the Petition.

23. TWC denies the allegations of Paragraph 23 of the Petition.

24. TWC denies the allegations of Paragraph 24 of the Petition.

**25.** TWC denies the allegations of Paragraph 25 of the Petition.

## COUNT I – DECLARATORY JUDGMENT

26. TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 25 of this Answer in its response to Paragraph 26 of the Petition.

27. The allegations in Paragraph 27 of the Petition are legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

28. TWC denies the allegations of Paragraph 28 of the Petition.

29. TWC denies the allegations in Paragraph 29 of the Petition.

30. TWC denies the allegations in Paragraph 30 of the Petition, including each and every one of its sub-parts.

## COUNT II – STATUTORY VIOLATIONS

31. TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 30 of this Answer in its response to Paragraph 31 of the Petition.

32. The allegations in Paragraph 32 of the Petition are legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

33. TWC denies the allegations of Paragraph 33 of the Petition..

34. TWC denies the allegations of Paragraph 34 of the Petition..

## COUNT III – CONVERSION

35. TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 34 of this Answer in its response to Paragraph 35 of the Petition.

36. TWC denies the allegations of Paragraph 36 of the Petition.

37. TWC denies the allegations of Paragraph 37 of the Petition.

### COUNT IV – MONEY HAD AND RECEIVED/ACCOUNTING

38.     TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 37 of this Answer in its response to Paragraph 38 of the Petition.

39.     TWC denies the allegations of Paragraph 39 of the Petition.

### COUNT V – REQUEST FOR ACCOUNTING

40.     Because the Court dismissed Count V of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 40 of the Petition.

41.     Because the Court dismissed Count V of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 41 of the Petition.

42.     Because the Court dismissed Count V of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 42 of the Petition.

43.     Because the Court dismissed Count V of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 43 of the Petition.

### COUNT VI – REQUEST FOR CONSTRUCTIVE TRUST

44.     Because the Court dismissed Count VI of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 44 of the Petition.

45.     Because the Court dismissed Count VI of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 45 of the Petition.

46.     Because the Court dismissed Count VI of the Petition on April 9, 2018 (Dkt. #14), no response is required to the allegations in Paragraph 46 of the Petition.

### COUNT VII – ATTORNEY FEES

47.     TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 46 of this Answer in its response to Paragraph 47 of the Petition.

48. TWC denies the allegations of Paragraph 48 of the Petition..

## DAMAGES AND REMEDIES

49. TWC re-affirms and incorporates by reference its answers to Paragraphs 1 through 48 of this Answer in its response to Paragraph 49 of the Petition.

50. TWC denies the allegations of Paragraph 50 of the Petition..

51. TWC denies the allegations of Paragraph 51 of the Petition..

52. TWC denies the allegations of Paragraph 52 of the Petition..

53. In response to Paragraph 53 of the Petition, TWC denies City is entitled any relief, including but not limited to declaratory relief or monetary damages, under the law, facts, and circumstances of this case. TWC further states it is entitled to attorney's fees and costs of this case and all other relief as the Court may deem just and proper.

## TRIAL BY JURY

54. Paragraph 54 of the Petition does not state allegations to which a response is required. To the extent a response is deemed required, the allegations are denied.

## REQUESTS FOR DISCLOSURE

55. Paragraph 55 of the Petition does not state allegations to which a response is required. To the extent a response is deemed required, and because this case has now been removed to the U.S. District Court for the Western District of Texas, the allegations are denied.

## PRAYER

56. In response to Paragraph 56 of the Petition, TWC denies City is entitled any relief, including but not limited to declaratory relief or monetary damages, under the law, facts, and circumstances of this case. TWC further states that is entitled to attorney's fees and costs of this case and all other relief as the Court may deem just and proper.

## GENERAL DENIAL

TWC denies all allegations in the Petition that are not specifically admitted or denied above.

## TWC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The City's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The City's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The City's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

The City's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The City's claims are preempted and barred by Section 66.005 of the Texas Utilities Code.

### SEVENTH AFFIRMATIVE DEFENSE

The City's claims are preempted and barred by Section 542 of the federal Cable Communications and Policy Act of 1984, 47 U.S.C. § 542.

### EIGHTH AFFIRMATIVE DEFENSE

The City's claims are barred because the City has suffered no actual injury.

### NINTH AFFIRMATIVE DEFENSE

The City's claims are barred in whole or in part to the extent the City is seeking to recover damages that are speculative in nature.

### TENTH AFFIRMATIVE DEFENSE

The City's claims are barred because TWC is not the proximate or legal cause of the City's alleged injury.

### ELEVENTH AFFIRMATIVE DEFENSE

The City's claims are barred because TWC's actions were justified.

### TWELFTH AFFIRMATIVE DEFENSE

The City's claims are barred by promissory and/or equitable estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

The City's claims are barred in whole or in part because the City's actions are in violation of public policy.

\*   \*   \*

TWC reserves the right to amend this Answer and to raise additional affirmative defenses should TWC discover facts that would enable it to raise such additional affirmative defenses.

Dated:  April 23, 2018                                        Respectfully Submitted,

/s/  *Paul A. Werner*

John T. Cox III (Texas Bar No. 24003722)
Britta Erin Stanton (Texas Bar No. 24036976)
Christian A. Orozco (California Bar No. 285723)
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel. (214) 981-3800
Fax:  (214) 981-3839
tcox@lynnllp.com
bstanton@lynnllp.com
corozco@lynnllp.com

Paul A. Werner*
Abraham J. Shanedling*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1931
Fax (202) 747-3817
pwerner@sheppardmullin.com
ashanedling@sheppardmullin.com

*Admitted *pro hac vice*

**Attorneys for Time Warner Cable Texas, LLC d/b/a Spectrum and Charter Communications**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 23, 2018 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

                                            */s/Paul A. Werner*
                                            Paul A. Werner